**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOMAS RIVAS OROZCO; ESTHER
RIVAS,

                   Petitioners,

   v.

ERIC H. HOLDER, Jr., Attorney General,

                   Respondent.

No. 08-74358

Agency Nos. A097-867-591
              A097-867-592

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Tomas Rivas Orozco and Esther Rivas, natives and citizens of Mexico,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen. With respect to cancellation of removal, the BIA considered the evidence petitioners submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law."). With respect to relief under the Convention Against Torture ("CAT"), petitioners failed to establish prima facie eligibility for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

To the extent it is raised, we lack jurisdiction to review petitioners' hardship contention relating to the BIA's February 26, 2008, order because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**